Cheves, J.
delivered the opinion of the Court.
Although a Jury are generally the proper judges of facts, and therefore the Court will npt nicely weigh the testimony in reviewing their verdicts, yet it would have no hesitation in setting aside a verdict against uncontradicted and sufficient evidence. But I think that is not the case here ; the evidence was to establish a usage. To establish a usage, it ought to be proved to be so general, uniform, and frequent, as to warrant an inference that the party against whom the right is claimed had a knowledge of it, and contracted with reference to it. (Whitaker’s Law of Carriers, 31. Rushforth v. Hadfield, 6 East, 519; Smith and Stanley, v. J. and I. Wright, 1 Caines’ Rep. 45.) It will rarely happen that one witness will sufficiently establish a usage. In this case the testimony of the witness seems to have been very general, and therefore not very satisfactory. It Wlll generally be desirable, when a particular ^ usage is relied upon, to establish it by the testimony of several witnesses; and if it be a well established usage, as it ought to be, this will not *310 be difficult, But it may be questionable whether any evidence of usage would support the claim in this case in its whole extent. The charge is said to be partly for inserting an advertisement long after the object of it had ceased, and when the fact was apparent on the face of it. Such an application of the alleged usage would be unreasonable, and a usage to be valid must be reasonable. But independent of this last view, I cannot say I am dissatisfied with the verdict of a Jury which has refused to recognise a usage proved by the testimony of but one witness, and that in very general terms.
Cogdell, for the motion.
Lance, contra.
I am therefore of opinion the motion should be refused, and that is the unanimous opinion of the Court.